**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Charleston Aluminum, LLC, ) | Civil Action No. 3:12-2390-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Energomex, S.A. DE C.V., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court by way of a motion filed by Plaintiff Charleston Aluminum, LLC ("Plaintiff"), seeking an order from the court directing the Clerk of Court to sign, seal, and serve on the Mexican Central Authority the pleadings, answers to Local Civil Rule 26.01 DSC interrogatories, and the Petition for International Service. (ECF No. 5.) For the reasons stated below, the court denies Plaintiff's motion.

**I.    RELEVANT PROCEDURAL BACKGROUND**

On August 20, 2012, Plaintiff filed this action against Energomex, S.A. DE C.V. ("Defendant"), allegedly a foreign corporation organized under the laws of Mexico. (ECF No. 1, p. 1.) Immediately thereafter, the Clerk of Court issued a summons authorizing service on Defendant. (ECF No. 2.) On November 9, 2012, Plaintiff filed a "motion for Hague service," asking the court to direct the Clerk of Court to (1) sign and affix an apostille to Spanish language versions of the summons and complaint, answers to Local Civil Rule 26.01 DSC Interrogatories, and Petition for International Service; and (2) forward these documents to the appropriate Mexican Central Authority for service on Defendant. (ECF No. 5, pp. 2-3.) Plaintiff contends in his motion that the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and

1

Commercial Matters, Nov. 15, 1965 ("Hague Convention"), (1969) 20 U.S.T. 361, T.I.A.S. No. 6638, requires that the court effectuate service of process on Defendant. (Id.)

## II.     LEGAL STANDARD AND ANALYSIS

Rule 4(h)(2) of the Federal Rules of Civil Procedure requires that service on a foreign corporation must be accomplished in "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery . . . ." Fed. R. Civ. P. 4(h)(2). Fed. R. Civ. P. 4(f) permits service in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ." Fed. R. Civ. P. 4(f)(1). The Hague Convention, to which the United States and Mexico are parties,[1] requires a litigant in the United States to serve process on the Mexican Central Authority, instead of personal service of process on a party in Mexico. See 20 U.S.T. 362, T.I.A.S. 6638, Art. 3; Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698 (1988).

Plaintiff relies on Article 3 of the Hague Convention in asserting that it is the court's responsibility to effectuate service of process on a foreign defendant. Article 3 of the Hague Convention requires an "authority or judicial officer competent under the law of the State in which the documents originate [to] forward" a request for service abroad, along with the documents to be served, to the central authority of the receiving state. 20 U.S.T. 362, T.I.A.S. 6638, Art. 3. Although language cited herein could be read to require that a government official, such as a clerk of court, serve the foreign state's central authority, this reading is inconsistent with the limited aim of the convention. In this regard, the United States Supreme Court stated in Schlunk that "[t]he

---

 1. Members, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, http://www.hcch.net/index_en.php?act=states.listing (last visited Jan. 9, 2013).

primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." Schlunk, 486 U.S. at 698. The Hague Convention does not prescribe a manner and method for service of process in foreign countries. Id. at 700. The Court further noted that, "[t]he legal sufficiency of a formal delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." Id. Furthermore, in referring to "[t]he authority or judicial officer competent under the law of the State[,]" Article 3, by its terms, defers to the domestic law where the legal documents originate. 20 U.S.T. 362, T.I.A.S. 6638, Art. 3.

The court is aware of only two cases that have dealt with the question of who is "competent" to effectuate service under Article 3. In both cases, the court rejected the contention that only a government official is competent to perform that function. See, e.g., Green v. Le Dorze, No. CA 3-96-CV-590-R, 1998 WL 158632, at *2 (N.D. Tex. Mar. 24, 1998) (holding that any person qualified to serve process under Fed. R. Civ. P. 4(c)(2) is competent under Article 3); Marschhauser v. Travelers Indem. Co., 145 F.R.D. 605, 608–09 (S.D. Fla. 1992). In Le Dorze, the court reasoned that, "[f]or a treaty concerned with service of process, the most relevant type of competence or authority would seem to be the ability to serve process[,]" as addressed by Fed. R. Civ. P. 4(c). 1998 WL 158632 at *2 n.5. The court agrees with that reasoning because it gives proper deference to domestic law, which in this case is the Federal Rules of Civil Procedure.

In the United States, attorneys are recognized as officers of the court and are considered competent to serve process in a lawsuit that has been filed in federal court, so long as they are 18 years of age. See Fed. R. Civ. P. 4(c). Indeed, in such federal lawsuits, it is the party, not the court,

that is responsible for serving process. Fed. R. Civ. P. 4(c). Although Fed. R. Civ. P. 4(f)(1) references the Hague Convention, it does not purport to alter the general rule that "[t]he plaintiff is responsible for having the summons and complaint served . . . ." Fed. R. Civ. P. 4(c)(1).[2] Moreover, even with the reference to service under the Hague Convention, the Federal Rules of Civil Procedure do not contemplate a role for the clerk's office.

### III.   CONCLUSION

The court construes Article 3 of the Hague Convention broadly enough to include, not only government officials affiliated with the courts, but also officers of the court, such as attorneys. As such, Article 3 of the Hague Convention does not create a singular obligation on the court to effectuate service of process in this lawsuit. Rather, as is typically the case, that is Plaintiff's responsibility. Therefore, Plaintiff's "motion for Hague service" is denied. (ECF No. 5.)

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
January 15, 2013

---

2. There is an exception to that rule, which is that, in the absence of "an internationally agreed means "a party may effectuate service by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt . . . ." Fed. R. Civ. P. 4(f)(2).

4