**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Charleston Aluminum, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Energomex, S.A. DE C.V., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 3:12-2390-MBS <br><br><br> **ORDER AND OPINION** |

This matter is before the court by way of an "application for default judgment including attorney's fees" by Plaintiff Charleston Aluminum, LLC ("Plaintiff"), pursuant to Fed. R. Civ. P. 55, which application the court construes as a motion for default judgment and motion for attorney's fees and costs. (ECF No. 13.) For the reasons stated below, the court **GRANTS** Plaintiff's motion for default judgment and **DENIES** the motion for attorney's fees and costs with leave to re-file within 14 days after entry of judgment in this matter.

## I.    RELEVANT PROCEDURAL BACKGROUND

On August 20, 2012, Plaintiff filed this breach of contract action against Energomex, S.A. DE C.V. ("Defendant"), allegedly a foreign corporation organized under the laws of Mexico. (ECF No. 1, p. 1 at ¶ 2.) In the complaint, Plaintiff seeks damages in the amount of $99,660.12 (including interest at 18% per annum), costs, and attorney's fees as a result of Defendant's alleged failure to pay for goods sold to it by Plaintiff. (Id. at pp. 2-3.) Immediately after the complaint was filed, the clerk issued a summons authorizing service on Defendant. (ECF No. 2.) On November 9, 2012, Plaintiff filed a "motion for Hague service," asking the court to direct the Clerk of Court to (1) sign and affix an apostille to Spanish language versions of the summons and complaint, answers to Local

1

Civil Rule 26.01 DSC interrogatories, and petition for international service; and (2) forward these documents to the appropriate Mexican Central Authority for service on Defendant. (ECF No. 5, pp. 2-3.) Plaintiff contended in his motion that the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Convention"), (1969) 20 U.S.T. 361, T.I.A.S. No. 6638, required that the court effectuate service of process on Defendant. (Id.) On January 15, 2013, the court denied Plaintiff's "motion for Hague service," finding that "Article 3 of the Hague Convention does not create a singular obligation on the court to effectuate service of process in this lawsuit." (ECF No. 10 at 4.)

On February 20, 2013, Plaintiff effectuated service of the summons, complaint, and Plaintiff's answers to Local Rule 26.01 interrogatories on Defendant. (ECF No. 7.) Defendant failed to answer the complaint, move in response to the complaint, or otherwise defend within 21 days after service of process. (See ECF No. 12.) Thereafter, on June 6, 2013, Plaintiff filed a request for entry of default and the instant motion for default judgment and motion for attorney's fees and costs. (Id.; see also ECF No. 13.) The clerk entered default on June 6, 2013. (ECF No. 14.)

## II.    LEGAL STANDARD AND ANALYSIS

A.    Motion for Default Judgment

Fed. R. Civ. P. 55(b)(2) provides for the entry of default judgment by the court against a party in default. Id. When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the complaint as to defendant's liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-1 (4th Cir. 2001). If the court determines that liability is established, it must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780–81. Unlike

allegations of fact, the court does not accept allegations regarding damages as true, but rather makes its own independent determination.  E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999).  In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

In this matter, Defendant failed to plead or otherwise defend and is now in default. Therefore, Plaintiff's allegations in the complaint are deemed admitted and it is entitled to a default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b)(2).  See, e.g., Bank Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764, C/A No. 2:09-594-MBS, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011).  Accordingly, Defendant is liable for breaching its agreement to pay for the goods it purchased from Plaintiff in the amount of $99,660.12 as of August 24, 2011, plus interest accruing at 18% per annum.

B.     Motion for Attorney's Fees and Costs

Plaintiff also seeks to collect actual attorney's fees and costs in the amount of $33,000.00 for Defendant's breach of contract.  The Court of Appeals for the Fourth Circuit and Local Civil Rule 54.02 DSC mandate a 12 factor analysis in determining the overall reasonableness of a request for attorney's fees.  See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); see also Local Civil Rule 54.02 DSC (setting forth requirement that petitions for attorney's fees comply with Barber).  The 12 factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases. Id. at 226 n.28. District courts must make detailed factual findings in support of their conclusions on attorney's fees. Id. at 226.

Plaintiff submitted an affidavit of attorney's fees from its counsel in support of the motion for attorney's fees and costs. (ECF No. 13-2.) Plaintiff's counsel indicates that his firm expended over 70 hours of time on this case. (Id. at 3.) However, Plaintiff's counsel did not provide any documentation setting out the labor expended. Without this information, an award of attorney's fees and costs is inappropriate because the first factor under the Barber test has not been met. Therefore, Plaintiff is instructed to submit within 14 days after the entry of judgment a proper petition for attorney's fees and costs in compliance with Barber, the Fed. R. Civ. P., and the Local Civil Rules DSC. Failure to timely do so will constitute a waiver as to attorney's fees and costs.

### III.     CONCLUSION

Based on the foregoing, the court **GRANTS** Plaintiff's motion for default judgment against Defendant and awards Plaintiff damages in the amount of $99,660.12, as of August 24, 2011, plus interest accruing at 18% per annum. The court **DENIES** Plaintiff's motion for attorney's fees and costs with leave to re-file within 14 days after entry of judgment.

**IT IS SO ORDERED.**

s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

July 25, 2013
Columbia, South Carolina

4